UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PIERCE,

          Plaintiff,

    v.

AIR SYSTEMS, INC.,

          Defendant.

Case No.  26-cv-03268-RS

**ORDER RE MOTION TO REMAND AND ATTORNEY'S FEES**

Neither party in the above captioned matter disputes that the case should be remanded to state court. Accordingly, Defendant's motion to remand is granted.

Plaintiff also requests the Court "award Plaintiff's reasonable fees and costs and consider sanctions," arguing Defendant acted improperly in removing the case in reliance on so-called "snap removal" authority and its inaccurate view that service had not yet occurred. Dkt. 11, Opp., at 4. In brief, the case was removed on diversity grounds on April 17, 2026, but on April 20, 2026, proof of service was filed in state court, and Defendant learned that the Complaint had been served prior to removal. Accordingly, on April 21, 2026, Defendant filed a notice of withdrawal of the removal with this Court. Plaintiff only opposes with regard to its request for fees.

Under 28 U.S.C. § 1447(c), when remanding a case to state court, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendant here

was not objectively unreasonable. As the email exchange submitted shows, Plaintiff also was seemingly unaware that service had occurred. The request for fees is denied. The Clerk shall remand this action to the Superior Court of California, Alameda County.

**IT IS SO ORDERED**.

Dated: June 10, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 26-cv-03268-RS

2